UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICO ISAIH HAIRSTON,

    Plaintiff,

    v.

ALLAN HARRIS, *et al.*,

    Defendants.

Civil Action 2:17-cv-421
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Rico Isaih Hairston, an inmate at the Franklin County Jail who is proceeding without the assistance of counsel, brings this action against three officers of the Ohio Adult Parole Authority, an Ohio Parole Board Hearing Officer, and the Warden of the Ross Correctional Institution. Plaintiff suggests that he is asserting a number of claims based on various provisions of the United States Constitution. Having examined Plaintiff's allegations carefully, however, the Court has identified only three possible claims: (1) a claim that Defendant was sentenced in 2016 to a period of time that was 90 days longer than it should have been (the "Excessive Sentence Claim"); (2) a claim that Defendant Allan Harris, at the direction of Defendant Steven West, coerced Plaintiff into signing a "conditions of supervision" form under threat of losing his freedom and that the result was that Plaintiff was placed on supervision when he should not have been (the "Coerced Supervision Claim"); and (3) a claim that Defendant West improperly coached Defendant Harris and Defendant Sarah Haines at a January

2017 parole revocation hearing at which Defendant Miguel Santiago presided and permitted the coaching (the "Improper Coaching Claim").

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of $1.32 in his prison account as of June 23, 2017. That amount is insufficient to pay the full filing fee. An authorized officer at the Franklin County Jail submitted a certificate in related case 2:17-cv-581 indicating that Plaintiff's average monthly deposits for the six-month period prior to August 8, 2017, were $90.25.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at Franklin County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

---

[1] Formerly 28 U.S.C. § 1915(d).

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

\* \* \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

4

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**II.**

Plaintiff's claims in this action are difficult to interpret. The critical allegations are these: (1) an unidentified judge sentenced Plaintiff in 2016 to a period that was 90 days longer than it would have been had he been properly credited for jail time served; (2) in January 2016, parole officer Jeffrey Knight told Plaintiff that he would see that Plaintiff's supervision was terminated if Plaintiff agreed to serve six months in prison; (3) upon Plaintiff's August 2016 release, Defendant Harris coerced Plaintiff into signing a "conditions of supervision" form under threat of losing his freedom, even though Plaintiff had told Harris that he was supposed to have been terminated from supervision in exchange for serving the "remainder of [his] time in prison;" (4) in November 2016, Plaintiff was arrested for unspecified parole violations; and (5) at the hearing on those unspecified violations, Defendant West coached Defendants Harris and

5

Haines while they were testifying, and Defendant Santiago permitted him to do so. While Plaintiff has identified a variety of bases in the United States Constitution for his § 1983 claims, they all relate to sentencing or parole proceedings and the calculation of time, and are construed as implicating rights guaranteed by the Due Process Clause.

### III.

#### A. The Excessive Sentence Claim

Plaintiff's claim based upon his 2016 sentencing at which he did not receive 90 days of credit for jail time served should be dismissed. To the extent Plaintiff intends to assert a civil action for money damages premised upon an unconstitutional sentence of incarceration, it is recommended that the Court dismiss his claim as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a § 1983 claim, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Here, Plaintiff's request for monetary relief based upon his sentence constitutes a collateral attack on his sentence. Thus, under *Heck*, Plaintiff cannot proceed with his § 1983 claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486–87.

#### B. The Coerced Supervision Claim

Plaintiff's second claim is based on a statement by Defendant Harris when Plaintiff reported to the Adult Parole Authority after his August 2016 release. Plaintiff alleges that

Defendant Harris gave him a "Conditions of Supervision" form and told Plaintiff that Harris would have to arrest him if he did not sign the form. Plaintiff alleges that he felt coerced to sign even though he believed that he should not have been under supervision. The basis for that belief, apparently, is the statement by Jeffrey Knight to the effect that Plaintiff would not be required to return to supervision if he would agree to a six-month sentence of incarceration. Having agreed to the six-month sentence, Plaintiff contends that he should not have been placed on supervision upon his release.

Plaintiff's claim is subject to two possible interpretations. First, the claim may be that Defendant Harris should not have enforced the period of supervision. The second is that Defendant Harris should not have imposed the period of supervision. Plaintiff's claim fails under either interpretation.

If Plaintiff's claim is that Defendant Harris should not have enforced the period of supervision, the claim challenges a sentence. It is, therefore, *Heck*-barred. The *Heck* court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a sentence or conviction invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997)(quoting *Heck*, 512 U.S. at 486-87) (emphasis added). Plaintiff has not alleged that the sentence including a period of supervision has been overturned, so he has not stated a claim based upon Defendant Harris's enforcement of the sentence.

If Plaintiff's claim is that Defendant Harris should not have imposed the period of supervision, the claim fails because he challenges an action taken by Defendant Harris in a quasi-judicial capacity. Absolute immunity that protects judicial officers engaged in judicial functions also protects other state officials engaged in adjudicative functions." *Dean v. Byerley,* 354 F.3d 540, 555 (6th Cir. 2004). State parole officers act in an adjudicatory capacity when they participate in decisions related to the imposition or extension of supervision. *Fleming v. Martin,* 24 F. App'x 258, 259 (6th Cir. 2001). Defendant Harris would have been acting in an adjudicatory capacity in determining whether supervision was appropriate and is absolutely immune from suit when acting in that capacity. *See Victory v. Pataki*, 814 .3d 47, 66 (2d Cir. 2016). Accordingly, it is recommended that the Court dismiss Plaintiff's claim based upon his placement on supervision in August 2016.

**C. The Improper Coaching Claim**

Plaintiff's remaining claim relates to his January 2017 parole revocation hearing. Plaintiff alleges that Defendant West improperly coached Defendants Harris and Haines with the indulgence of Defendant Santiago and that Plaintiff's available sanction days were miscalculated. Plaintiff has failed to allege a colorable due process claim.

"A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Thus, because Plaintiff seeks to establish a due process violation relating to Defendants' actions in connection with his parole revocation hearing, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A

liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). Because Ohio law does not create a liberty interest in parole, Plaintiff cannot state a viable § 1983 due process claim challenging Defendants' eligibility determination.

Moreover, all of the Defendants are protected by absolute immunity in the performance of tasks related to the evaluation and adjudication of alleged parole violations. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). While absolute immunity does not protect Parole Authority personnel in purely investigative functions, *see Draine v. Leavy*, 504 F. App'x 494, 496 (6th Cir. 2102), Plaintiff's allegations relate to the adjudicatory phase of his parole revocation and not the investigation. Accordingly, Defendants are absolutely immune from suit with respect to their actions at the January 2017 parole revocation hearing.

**D. Defendant Hooks**

Plaintiff has named Mark Hooks, the Warden of Ross Correctional Institution, as a defendant, but his only allegation against Mr. Hooks is that he maintains a policy of issuing badges to inmates. Plaintiff apparently objects to this policy because the badge issued to him bears his name, which he purports to have trademarked. That allegation has no relationship to Plaintiff's claims in this action. For that reason, it is recommended that Mark Hooks be dismissed from this action.

**E. The Ohio Adult Parole Authority**

On September 28, 2017, several months after he had filed his motion for leave to proceed *in forma pauperis* in this action, Plaintiff submitted an addendum to his Complaint in which he indicated that he wished to add the Ohio Adult Parole Authority as a defendant. Plaintiff explicitly indicated that his claims against the Ohio Adult Parole Authority were the same as those asserted against the individual defendants in his original complaint.

Plaintiff has not stated a claim against the Ohio Adult Parole Authority upon which this Court may grant relief. The Ohio Adult Parole Authority is a state agency. *See* Ohio Rev. Code § 5149.02; *Holson v. Good*, 579 F. App'x 363, 366 (6th Cir. 2014). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars a suit against a state agency in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996). The State of Ohio has not waived its Eleventh Amendment immunity for purposes of suits like this one, and the exceptions to immunity do not apply. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Therefore, the Ohio Adult Parole Authority is immune from suit in this case, and Plaintiff claims against it should be dismissed.

## IV.

In sum, because Plaintiff has failed to state a claim upon which relief may be granted, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to § 1915(e)(2).

For the reasons set forth above, Plaintiff Hairston's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE